IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> vs. </br></br> MATTHEW PITZER </br> Defendant. | 8:19CR140 </br></br> **MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of defendant's motion to vacate pursuant to 28 U.S.C. § 2255. Filing No. 117. Pitzer has also filed a motion seeking to stay the habeas proceedings. Filing No. 118.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is

1

not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. *Id.*

Defendant pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) and was sentenced to 180 months' incarceration. Filing No. 111. Judgment was handed down on March 30, 2021. *Id.* Defendant did not file an appeal and filed the present § 2255 petition on April 13, 2022. Filing No. 117.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant does not file an appeal, his conviction becomes final when the period in which to file an appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). In a criminal case, a notice of appeal must be filed within 14 days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Because Pitzer filed his § 2255 motion within one year of the expiration of the time within which to appeal his conviction, his motion is timely.

Defendant contends that his counsel was ineffective for failing to file a timely notice of appeal, incorrectly advising him that he would not be subject to a mandatory-minimum sentence, failing to raise a Fourth Amendment challenge to his search and seizure, failing to investigate facts and evidence to challenge his case, and operating under an actual conflict of interest during her representation of Pitzer. Filing No. 117 at 1–30. Pitzer alleges that but for these errors of counsel, he would have insisted on proceeding to trial

rather than pleading guilty and/or the charge would have been dismissed. Pitzer further alleges the government failed to disclose *Brady* evidence, violated his Fifth Amendment rights and bargained in bad faith during the plea-negotiation stage. *Id.* at 30–39.

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief." Although, Pitzer entered into a plea agreement that contained a waiver of his right to file motions under 28 U.S.C. § 2255, "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000). This is precisely the nature of Pitzer's argument, and the Court concludes that the United States should be required to answer. On receipt of the Government's answer, the Court will determine whether to order the parties to submit briefs on the merits so that the defendant's claims may be resolved on the basis of the record and briefs, or whether discovery and/or an evidentiary hearing is required. *See* Rules 6 & 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Court notes that in his motion to stay, Defendant states he has been unable to procure the supporting evidence necessary for his motion due, in part, to the COVID-19 pandemic and asks the Court to permit him until December 30, 2022, to obtain such evidence. Filing No. 118 at 11–12. Because the Court is merely ordering the Government to respond to the allegations in the § 2255 motion at this time, Defendant's motion to stay is denied. The Court notes he may re-assert it or seek a continuance at a later date if necessary.

THEREFORE, IT IS ORDERED:

1. On initial review, the Court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to Defendant's Section 2255 motion within 30 days of the date of this Order.

3. Defendant may file a reply within 30 days of the Government's answer.

4. Defendants' motion to stay, Filing No. 118, is denied without prejudice to reassertion.

Dated this 19th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge