IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR140 |
| vs. | MEMORANDUM AND ORDER |
| MATTHEW PITZER | |
| Defendant. | |

This matter is before the Court on defendant's motion to vacate pursuant to 28 U.S.C. § 2255. Filing No. 117. As ordered, the government has filed an answer, Filing No. 131, and Pitzer has replied, Filing No. 133.

Pitzer claims his counsel was ineffective for failing to file a timely notice of appeal, incorrectly advising him that he would not be subject to a mandatory-minimum sentence, failing to raise a Fourth Amendment challenge to his search and seizure, failing to investigate facts and evidence to challenge his case, and operating under an actual conflict of interest during her representation of Pitzer. Filing No. 117 at 1–30. As the government concedes, the Court is required to conduct an evidentiary hearing when a Defendant asserts his counsel's failure to appeal. See Filing No. 131 at 3–4; *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014). However, Pitzer's additional claims that the government bargained in bad faith during plea negotiations, failed to disclose *Brady* evidence, and violated his Fifth Amendment rights should have been raised on direct appeal and are therefore not cognizable in this § 2255 proceeding. See *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (stating a defendant "may not obtain § 2255 relief for 'unappealed errors to which no contemporaneous objection was made' unless he can show both cause [for failing to appeal] and prejudice" (quoting *Reid*

1

*v. United States*, 976 F.2d 446, 448 (8th Cir. 1992))).  Should Pitzer prevail on his present motion and be granted leave to file an appeal, he may raise those issues at that time.

In his reply, Pitzer represents he is in need of appointed counsel and requests the appointment of "STANDBY or limited Scope counsel" to assist him.  Filing No. 133 at 6.  He says he "does not wish, nor require, a regularly appointed counsel at this time as he is in a better position, and more versed in the particulars, to direct his case."  Filing No. 133 at 6.  Under the Rules Governing Section 2255 Proceedings, the Court is required to appoint an attorney to represent a moving party upon ordering an evidentiary hearing as it has done here.  *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings.  Accordingly, the Court orders the appointment of counsel and will give counsel adequate time to investigate and prepare prior to the evidentiary hearing.

To the extent Pitzer requests an extension of time in his reply, Filing No. 133 at 6, the Court denies such request as moot as it has scheduled this matter for a hearing instead.  Should Pitzer and his counsel determine more time is needed, the Court will entertain a motion to continue the evidentiary hearing.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to vacate under § 2255, Filing No. 117, is denied with the exception of the ineffective assistance of counsel claims.
2. With respect to the ineffective assistance of counsel claims, the Court will hold an evidentiary hearing.  The hearing will be set by further order of the Court.
3. Additionally, counsel is hereby appointed to represent Defendant.
4. Defendant's motion for extension of time, Filing No. 133, is denied.

Dated this 13th day of January, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge