IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19CR140** |
| vs. | **MEMORANDUM AND ORDER** |
| MATTHEW PITZER | |
| Defendant. | |

This matter is before the Court on Defendant's amended motion to vacate pursuant to 28 U.S.C. § 2255.  Filing No. 150.  For the reasons set forth herein, the Court grants in part the motion and allows Defendant to file a direct appeal.

## I.    BACKGROUND

Defendant, Matthew Pitzer, pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1) and was sentenced to 180 months' incarceration.  Filing No. 111.  Judgment was handed down on March 30, 2021.  *Id.*  Defendant did not file an appeal but filed the present § 2255 petition on April 13, 2022.  Filing No. 117.  He was granted leave to amend and filed his amended motion under § 2255 on June 13, 2023.  Filing No. 150.

In his amended § 2255 motion, Defendant alleges his trial counsel, Deborah Cunningham, was ineffective for failing to file an appeal, failing to file a motion to suppress, negotiating an unfavorable plea agreement, failing to object to the government's breach of the plea agreement, failing to adequately investigate a Fourth Amendment claim, and operating under a conflict of interest.  Filing No. 150.  He also alleges the United States breached the plea agreement, violated his Fourth Amendment rights, and failed to turn over exculpatory evidence.  Filing No. 150.

1

The Court held a hearing on Defendant's motion on August 29, 2023.  At the hearing, Pitzer testified regarding the events surrounding his plea, sentencing, and the failure to appeal.  According to Pitzer, the sentencing hearing went poorly, and he received a higher sentence than he had anticipated.  After the hearing, he called Cunningham and they discussed the possibility of an appeal.  Pitzer testified that he wanted to appeal because he felt the government had acted in bad faith at the sentencing hearing.  However, Cunningham told him he should not appeal.  Pitzer testified that he stated repeatedly that he wanted Cunningham to file the notice of appeal on his behalf. He came away from the conversation with the understanding that Cunningham was going to file the appeal because he had told her to do so.  He was then subjected to a number of prison transfers and found out, after the appeal period had run, that no appeal had been filed.

Cunningham also testified at the hearing.  She testified that she remembered Pitzer being upset after the sentencing hearing, but she could not recall discussing an appeal with him.  She testified that she does not do appeals and she had told him before the sentencing that there were no good issues in his case.  Cunningham testified that she had nothing in her file documenting Pitzer's request that she appeal, and she thinks an appeal would have been pointless.

## II.   ANALYSIS

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. §

2255(a).  Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors.  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required.  *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007)); *see also Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000).  Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so.  *Id.* (citing *Watson*, 493 F.3d at 964).

Here, Pitzer testified that he asked his attorney to file a notice of appeal.  The Court finds his testimony to be credible.  He was consistent in his testimony that he wanted to appeal, even in the face of his attorney's advice that he should not appeal.  In contrast, Cunningham had no specific memory of the appeal request.  She testified that she does not do appeals, thinks an appeal would be meritless in Pitzer's case, and did not make any notes in his file about an appeal.  However, when it came to whether Pitzer directed her to appeal or not, she had no actual memory either way.

In light of Pitzer's credible and consistent testimony that he directed counsel to appeal and Cunningham's equivocal testimony and lack of specific memory about the appeal request, the Court finds Pitzer directed Cunningham to appeal, and she failed to do so.  Because this constitutes per se ineffective assistance of counsel,[1] the Court finds Pitzer's motion under § 2255 should be granted.  The Court sets the matter for a hearing at which time it will vacate his sentence, resentence him to the same term of incarceration

---

[1] The United States points out that Pitzer's plea agreement included an appeal waiver.  However, the Court is not required to assess the likelihood of success on the merits of an appeal because the failure to file an appeal when requested to do so is per se ineffective assistance.  *See Sellner*, 773 F.3d at 930.  The enforceability and breadth of the waiver are matters for the parties to address in the appellate briefing.

with credit for time served, and issue an amended judgment from which he can file his direct appeal in accordance with Federal Rule of Appellate Procedure 4(b).

Additionally, the Court previously determined that some of Defendant's claims[2] were procedurally defaulted due to his failure to raise them in a direct appeal. Filing No. 135 at 1 (stating that these issue "should have been raised on direct appeal and are therefore not cognizable in this § 2255 proceeding"). Given the Court is granting Defendant's motion, he will now be able to raise those issues, and the additional ineffective-assistance-of-counsel issues raised in his § 2255 motion, on direct appeal if he so chooses. Accordingly, the remainder of Defendant's § 2255 motion is denied without prejudice. The Court notes that because it is filing an amended judgment, Defendant will not be precluded from filing a subsequent § 2255 motion following the conclusion of his appeal, should he so choose. *See Magwood v. Patterson*, 561 U.S. 320, 342 (2010) ("[W]here. . . there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007))).

### III.   CONCLUSION

For the reasons set forth herein, the Court finds Pitzer's motion under 28 U.S.C. § 2255 should be granted to allow him to file a direct appeal.

IT IS ORDERED:

1. Defendant's first motion to vacate under § 2255, Filing No. 117, is denied as moot.

---

[2] Specifically, his claims that the government bargained in bad faith during plea negotiations and otherwise breached the plea agreement, failed to disclose *Brady* evidence, and violated his Fifth Amendment rights.

4

2. Defendant's amended motion to vacate under § 2255, Filing No. 150, is granted to allow Defendant to file a direct appeal and denied without prejudice in all other respects.

3. This matter is set for a re-sentencing hearing before the undersigned on April 29, 2024, at 10:30 a.m. in Courtroom No. 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

4. After Defendant is resentenced, the Court will enter an Amended Judgment from which Defendant will have 14 days to file his appeal.

5. Adam J. Sipple, 12020 Shamrock Plaza, Suite 200, Omaha, NE 68154, shall continue his appointment as attorney of record for the above-named defendant in this matter and on appeal.

6. The U.S. Marshal's Office is directed to return the defendant to this district for the above hearing.

Dated this 13th day of February, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge